The Honorable Bob Johnson State Senator Post Office Box 130 Morrilton, AR 72110
Dear Senator Johnson:
I am writing in response to your request for my opinion on several questions arising from the following reported facts:
 Several saw logs have been located in the Ouachita River. There is a known owner of the logs. The owner would like to have the logs removed.
These circumstances have prompted you to pose the following questions:
 1. Do the laws for salvage and lost property in waterways under ACA 27-102-101 through 27-102-110 apply to several saw logs that have been have been located in the Ouachita River and whose owner would like to have them removed?
 2. Does ACA 22-5-801 through -815 take precedence or have any bearing over the salvage laws and operations for recovery of logs in this case? Would the situation be different if the recovery involved a car, boat or motor?
 3. Must an individual have specific permits from the state in order to remove the logs from the river?
RESPONSE
With respect to your first question, I believe the salvage laws would apply if the owner's logs were lost on the river. I do not know whether that occurred in this case. With respect to the first part of your second question, I do not believe A.C.A. §§ 22-5-801 through -815, which deal with the severance by lease and permit of government resources from waterways and other government property, bear in any way on the state's salvage laws. With respect to the second part of your question, this subchapter of the Code has nothing to do with the recovery of a car, boat or motor. I cannot answer your third question without knowing more facts. If the owner had severed the logs from the riverbank, A.C.A. §§22-5-801 through -815 would have required him to obtain a permit to do so. By contrast, if he had obtained the logs elsewhere and simply lost them on the river, he would not need a permit to recover them.
Question 1: Do the laws for salvage and lost property in waterways underACA 27-102-101 through 27-102-110 apply to several saw logs that havebeen have been located in the Ouachita River and whose owner would liketo have them removed?
I am unable to answer this question without being acquainted with all of the facts. As your question implies, A.C.A. §§ 27-102-101 through -110 (Repl. 1994) indeed set forth the law with respect to the salvage and recovery of lost property in waterways. However, I cannot opine regarding the applicability of the subchapter in this instance, since it is unclear from your factual recitation whether the logs were in fact lost. I can only opine that if they were, this subchapter of the Code would in all likelihood control in setting the conditions for their salvage and disposition.
Having offered this opinion, I should acknowledge the remote possibility, depending upon the facts, that disposition of the logs may be subject to the Abandoned Shipwreck Act of 1987, 43 U.S.C. § 2101 et seq.
The act defines the term "shipwreck" to mean "a vessel or wreck, its cargo, and other contents." 43 U.S.C. § 2102(d). The act applies to any abandoned shipwreck that is "embedded" in submerged state lands, "embedded in coralline formations protected by a State on submerged lands of a State" or located on submerged state lands and either included or determined eligible for inclusion in the National Register.43 U.S.C. § 2105. The U.S. Code defines the term "embedded" to mean "firmly affixed in the submerged lands or in coralline formations such that the use of tools of excavation is required in order to move the bottom sediments to gain access to the shipwreck, its cargo, and any part thereof."43 U.S.C. § 2102(a). Assuming, then, that the logs were lost in the course of being transported on a vessel that foundered and that the logs subsequently became "embedded" in the Ouachita River under the above definition, the act would appear to apply. If so, title to the logs would initially vest in the United States and then transfer to the state of Arkansas. 43 U.S.C. § 2105. Under these circumstances, which I am unable to determine exist, the state salvage laws would not apply.43 U.S.C. § 2106.
Question 2: Does ACA 22-5-801 through -815 take precedence or have anybearing over the salvage laws and operations for recovery of logs in thiscase? Would the situation be different if the recovery involved a car,boat or motor?
With respect to the former of these questions, I cannot render an opinion without knowing all of the facts. However, I will note that chapter 5, subchapter 8 of title 22 of the Code (Repl. 1996 Supp. 2003) deals,inter alia, with the granting of leases and permits for the severance of timber from the beds and bars of navigable rivers and lakes in this state or from other property held in the name of the state. See A.C.A. §22-5-801. The subchapter provides for the imposition of various fees and royalties for such activities. I am unaware if the activities of the purported owner of the timber at issue would render him subject to the conditions of this subchapter. However, I will opine that this subchapter has nothing to do with the salvage of lost property on waterways and hence could not be deemed to "take precedence" over or "have any bearing" on salvage law.
With respect to your second question, chapter 5, subchapter 8 of title 22 of the Code deals with the lease and permit requirements for the removal of resources from state property. It has nothing to do with the salvage of a car, boat or motor from a waterway.
Question 3: Must an individual have specific permits from the state inorder to remove the logs from the river?
Again, I cannot answer this question without knowing all the facts. I can only point out that the permit requirements of A.C.A. § 22-5-801 et seq.
apply to the severance of the government's timber from waterways and other government property. In my opinion, unless the Abandoned Shipwreck Act applies, see response to question 1, supra, if a private party loses logs in a river and can establish to a fact-finder's satisfaction that he indeed owns the logs, he may retrieve them without obtaining a permit to do so. In the event someone other than the owner finds and retrieves the logs, I believe the following statute would control:
 When rafts[1] are taken up, consisting of logs, firewood, rails, or other timber, the person taking up and securing them and complying with the requisitions of this subchapter shall, on the owner's claiming them, be entitled to salvage not exceeding twenty percent (20%) of the value thereof, to be adjudged by a justice of the peace of the county.
A.C.A. § 27-102-106.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] Given the context of this statute, the term "raft" appears to denote not a craft of the sort favored by Huckleberry Finn but rather any variety of wooden debris adrift in a waterway.